Citation Nr: 1829766 
Decision Date: 07/27/18 Archive Date: 08/02/18

DOCKET NO. 10-09 244 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for obstructive sleep apnea.

2. Entitlement to service connection for right foot plantar fasciitis.

3. Entitlement to service connection for right foot pes cavus.

4. Entitlement to service connection for right foot hallux valgus.

(The issues of entitlement to service connection for left shoulder, left heel and left ear hearing loss disabilities are addressed in a separate Board decision)


REPRESENTATION

Veteran represented by: Texas Veterans Commission


WITNESSES AT HEARING ON APPEAL

The Veteran and his wife

ATTORNEY FOR THE BOARD

C. Orie, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the United States Army from June 1972 to June 1974 and from October 2001 to November 2002. In addition, the Veteran had a period of active duty for special work (ADSW) pursuant to 32 U.S.C. § 505 (defined as active duty for training (ACDUTRA)) from September 2005 to October 2005. The Veteran also had National Guard service from 1982 to 1989 and from August 2000 to August 2006.

This matter comes before the Board of Veterans' Appeals (Board) from various rating decisions from the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

The Veteran testified at a Travel Board hearing before the undersigned Veterans Law Judge (VLJ) in June 2017. A transcript of the hearing is associated with the claims file.

The issues of entitlement to service connection for right foot plantar fasciitis, right foot pes cavus, and right foot hallux valgus are addressed in the REMAND portion of the decision below and are REMANDED to the Agency of Original Jurisdiction (AOJ).

FINDING OF FACT

Obstructive sleep apnea was not manifested during service and there is no link between obstructive sleep apnea and service.



CONCLUSION OF LAW

The criteria for service connection for obstructive sleep apnea have not been met. 38 U.S.C. §§ 1110, 1131, 5107 (2012); 38 C.F.R. §§ 3.159, 3.303 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Notify and Assist

VA has procedural requirements pursuant to The Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096(Nov. 9, 2000) (codified at 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, and 5126 (West 2014)) which includes enhanced duties to notify and assist claimants for VA benefits. VA regulations implementing the VCAA were codified as amended at 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326(a) (2016). A review of the record does not disclose that the Veteran and his representative have specifically raised any procedural issues to the AOJ or the Board, even when construing the Veteran's contentions liberally. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) (Board required to address only those procedural arguments specifically raised by the Veteran, though at the same time giving the Veteran's pleadings a liberal construction). 

Service Connection

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C. §§ 1110, 1131. That a disease occurred in service is not enough; there must be chronic disability resulting from that injury or disease. If there is no showing of a resulting chronic condition during service, then a showing of continuity of symptomatology after service is required to support a finding of chronicity. 38 C.F.R. § 3.303(b). Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).
For veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, including organic disease of the nervous system, are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C. § § 1101, 1112, 1113, 1137; 38 C.F.R. § § 3.307, 3.309. 

To establish a right to compensation for a present disability on a direct basis, a Veteran must show: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship, i.e., a nexus, between the claimed in-service disease or injury and the current disability. 38 C.F.R. § 3.303(a); see also Davidson v. Shinseki, 581 F.3d 1313, 1315-16 (Fed. Cir. 2009); Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Certain chronic diseases, which are listed in 38 C.F.R. § 3.309(a), may be presumed to have been incurred during service if manifested to a compensable degree within one year of separation from active service. 38 U.S.C. §§ 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. Moreover, if a disease listed in 38 C.F.R. § 3.309(a) is shown to be chronic in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service-connected, unless clearly attributable to intercurrent causes. 38 C.F.R. § 3.303(b). For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity and sufficient observation to establish chronicity at the time. Id. 

However, if evidence of a chronic condition is noted during service or during the presumptive period, but the chronic condition is not "shown to be chronic, or where the diagnosis of chronicity may be legitimately questioned," i.e., "when the fact of chronicity in service is not adequately supported," then a showing of continuity of symptomatology after discharge is required to support a claim for disability compensation for the chronic disease. Walker v. Shinseki, 708 F.3d 1331, 1333 (Fed. Cir. 2013) (quoting 38 C.F.R. § 3.303(b)). A claimant "can benefit from continuity of symptomatology to establish service connection in the ultimate sense, but only if [the] chronic disease is one listed in § 3.309(a)." Walker, 708 F.3d at 1337.

Competent medical evidence is evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also include statements conveying sound medical principles found in medical treatises. It also includes statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). Competent lay evidence is any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). This may include some medical matters, such as describing symptoms or relating a contemporaneous medical diagnosis. See Jandreau, supra. 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

Turning to the facts of the case, the Veteran contends that his obstructive sleep apnea began during service. In support of his claim, the Veteran has submitted lay evidence in the form of statements from himself, his wife, and fellow servicemen, all of whom attest to his snoring and sleep disturbance during service and shortly thereafter.

Service treatment records are silent for any complaints, treatments, or manifestations of sleep apnea. In a 2005 Report of Medical Examination, the Veteran's relevant systems, to include mouth and throat, were clinically normal.

The Veteran was first diagnosed with obstructive sleep apnea in February 2011, subsequent to a sleep study. At that time, the diagnosing clinician did not provide an etiology.

At the January 2016 VA examination, the examiner diagnosed the Veteran with obstructive sleep apnea and found that the condition was less likely than not incurred in or caused by service. In so finding, the examiner considered the lay evidence of record, attesting to the Veteran's in-service snoring and gasping. However, the examiner found that snoring and gasping alone were not diagnostic of sleep apnea; rather, a sleep study is necessary to confirm such a diagnosis. The examiner ultimately found that the Veteran's development of obstructive sleep apnea was more likely due to post-service aging and weight gain.

In November 2017, the Board obtained a Veterans Health Administration (VHA) medical opinion. Upon review of the medical and lay evidence of record, the expert ultimately found that the Veteran's obstructive sleep apnea was less likely than not onset in or related to service. The expert found that the symptoms of snoring, difficulty sleeping, and not feeling refreshed after sleep, alone, were insufficient to establish disease onset and progression, as these symptoms could occur independent of obstructive sleep apnea. In addition, the Veteran's complaints of difficulty sleeping were often linked to various physical pains, rather than apneic episodes. The expert further found that the current lay statements contradicted contemporaneous evidence of record, to include various in-service and post-service medical reports in which the Veteran denied having sleep issues. Thus, the expert was unable to rely on the current lay statements in rendering an opinion.

Upon consideration of the evidence of record, the Board finds that service connection for sleep apnea is not warranted. The Veteran contends that his symptoms began in service. While the Veteran and other lay witnesses are competent to report observable symptoms, such as snoring, the lay witnesses are not competent to attest to whether snoring and other observable symptoms were indicative of the onset of his sleep apnea. See Jandreau, supra.

The Board finds the most probative evidence of record addressing this issue is the February 2018 VHA expert opinion, which considered the lay statements of record and the Veteran's medical history in rendering the opinion. The examiner's opinion was based on a review of the record coupled with sound medical principles. The Board finds the medical opinion and the accompanying rationale to be both credible and highly probative. See Nieves-Rodriguez, 22 Vet. App. at 303-304. This examiner explained that the symptoms the Veteran reported, to include snoring and difficulty sleeping, did not represent the onset of sleep apnea. There is no opinion to the contrary, and the Veteran's own lay belief that his snoring symptoms in service represented the onset of sleep apnea is greatly outweighed by the VHA expert opinion. As obstructive sleep apnea is not deemed a chronic disease under 38 C.F.R. § 3.309(a), the lay statements of continuity alone cannot support a service connection award. Walker, 708 F.3d 1331 (Fed. Cir. 2013).

As such, the Board finds that service connection for obstructive sleep apnea is not warranted, as the evidence establishes that it was neither caused by nor otherwise related to any disease, injury, or event in service.


ORDER

Entitlement to service connection for obstructive sleep apnea is denied.


REMAND

As for the remaining issues on appeal, the Board finds that additional development is required prior to appellate adjudication. 

The Veteran has reported ongoing issues with his right foot, all of which he attributes to events during his active service, including marching, running, and carrying heavy equipment. The Veteran has been afforded two VA examinations in relation to his right foot. However, neither examiner addressed whether the Veteran's current right foot disabilities are related to his periods of active service. As such, remand is warranted for another examination and nexus opinion.




Accordingly, the case is REMANDED for the following action:

1. Appropriate efforts should be made to obtain and associate with the electronic case file any outstanding VA medical records.

2. After completing the above development to the extent possible, schedule the Veteran for a VA examination with a medical professional of sufficient expertise to determine the nature and etiology of the Veteran's current right foot disabilities. The claims file must be made available to and reviewed by the examiner and note that it was reviewed should be included in the report. After reviewing the claims file, the examiner should answer the following question:

a) Is it at least as likely as not (a 50 percent probability or greater) that the Veteran's current diagnosed right foot disabilities are etiologically related to his active service?

In rendering the opinion, the clinician should accept as true the Veteran's contentions of long marches during his last period of service. The examiner should also consider the Veteran's military duties as a heavy anti-armor weapons infantryman.

3. Thereafter, take any additional development action deemed warranted and adjudicate the issues on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be furnished a Supplemental Statement of the Case which addresses all evidence associated with the claims file since the last Statement of the Case. The Veteran and his representative should be afforded the applicable time period to respond.

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).




______________________________________________
T. MAINELLI
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs